## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-01502-RPM

MARY-LOUISE W. STEELE,

      Plaintiff,

v.

HCA-HEALTHONE, LLC D/B/A/ SKY RIDGE MEDICAL CENTER,

      Defendant.

---

## STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2.    As used in this Protective Order, the term "document" shall include, without limitation, any electronic or hard copy emails, writings, drawings, graphs, charts,

photographs, phone records, and other data compilations from which information can be obtained. *See* Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law or statutory privacy interests of current or former employees (including Plaintiffs), representatives, or agents of Defendant, HCA-HealthONE, LLC d/b/a Sky Ridge Medical Center ("Defendant"), or any of the subsidiaries or affiliates of Defendant, including but not limited to: personnel information concerning non-party, current and former employees of Defendant; information concerning private personal matters not generally known to the public, such as, but not limited to, tax returns and medical information; non-party employee addresses and/or social security numbers; non-parties' employment and compensation histories; non-parties' protected health information; non-party employee performance evaluations and termination files; information containing industry or Defendant's trade secrets information or proprietary processes; Defendant's proprietary or non-public business information; information relating to Defendant's confidential investigations; information relating to Defendant's investment, business and operational strategies, processes, plans and corporate structure, economic and market analyses, marketing strategies, client/project lists, financial projections and cost information treated or considered by Defendant, by policy or practice, to be confidential or proprietary. CONFIDENTIAL information shall not be disclosed or used for any purpose except in the preparation and trial of this case (including any appeal) in accordance with this Protective Order.

4.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it and the consent of the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person other than:

(a)     attorneys actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)     the parties, including designated representatives for Defendant;

(d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for depositions, preparation, trial or other proceedings in this case;

(e)     the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes in this case, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the document is necessary in connection with such testimony; and

(h)     other persons by written agreement of all the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than the individuals listed in paragraphs 4(a) through 4(f)), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto as Exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Any information designated by a party as CONFIDENTIAL must first be reviewed by the party's attorney who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is CONFIDENTIAL or otherwise implicates common law or statutory privacy interests.

7.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.      Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to

4

its proper designation nor will it prevent the producing party from designating said documents or material "CONFIDENTIAL" at a later date.

9.    In the event that a non-party or another party produces documents that a party wishes in good faith to designate as CONFIDENTIAL, the party wishing to make that designation must do so within fifteen (15) business days of receipt, and identify the CONFIDENTIAL document(s) or CONFIDENTIAL information by bates label or, where not bates labeled, by document title and page number(s).  The non-designating parties shall thereafter mark the document or information in the manner requested by the designating party and thereafter treat the document or information in accordance with such marking.  However, any use by the non-designating parties made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long at the non-designating party notifies the designating party of the prior disclosure and otherwise comes into conformance with the new designation.

10.    A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within thirty (30) days after the conclusion of that 10-business day window requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a

motion is not timely filed, the disputed information shall not be treated as CONFIDENTIAL under the terms of this Protective Order.  If a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.    In the event it is necessary for the parties to file CONFIDENTIAL information with the Court, the CONFIDENTIAL information shall be filed in accordance with the requirements of D.C.COLO.L.CivR 7.2, with an accompanying Motion to Restrict Access and a designation of the level of restriction sought.

12.    At the conclusion of this case, and any appeal, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to return CONFIDENTIAL documents, the returning party shall provide all parties a written certification of counsel confirming that all CONFIDENTIAL documents have been returned.   Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with a written certification of counsel confirming the destruction of all CONFIDENTIAL documents.  This provision shall not preclude the parties from maintaining for their records a secured electronic copy of any document that is designated as CONFIDENTIAL in this case.

6

7

13.    The terms of this Protective Order shall survive the termination of this

action, and all protections of this Protective Order shall remain in full effect in perpetuity.

14.    This Protective Order may be modified by the Court at any time for good

cause shown following notice to all parties and an opportunity for them to be heard.

STIPULATED TO AND APPROVED AS TO FORM this 7th day of October, 2013.


s/Theresa L. Corrada
Theresa L. Corrada
Lapin | Lapin, P.C.
1775 Sherman Street, Suite 1445
Denver, CO 80203
Tel:  303.320-4162
E-mail: tcorrada@lawlapin.com

Attorneys for Plaintiff

s/Lisa Hogan
Lisa Hogan, # 14132
Charles E. Grell, #41183
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202
Phone:  (303) 223-1100
Fax:  (303) 223-1111
lhogan@bhfs.com
cgrell@bhfs.com

Counsel for Defendant


DONE AND ORDERED this _15_ day of _____October_____, 2013.


UNITED STATES MAGISTRATE
JUDGE

## EXHIBIT A

## AGREEMENT CONCERNING CONFIDENTIAL MATERIAL SUBJECT TO THE STIPULATED PROTECTIVE ORDER

I, the undersigned, hereby acknowledge I have read the Stipulated Protective Order (the "Order") in *Steele v. HCA-HealthONE, LLC*, Civil Action No. 13-CV-01502-RPM United States District Court for the District of Colorado. In consideration of being permitted to review confidential information, as described in the Order, I agree to comply, and be bound by, the terms set out therein.

I hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcement of the Order.

_____

Full Name, Title


_____          _____

Signature                                          Date


006024\0173\10789131.1